## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **LAZY S RANCH PROPERTIES, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | Case No. ___22-CV-346-GLJ___ |
| | ) | |
| **CEDAR FALLS RANCH, LLC** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff above named, Lazy S Ranch Properties, LLC, and for its cause of action against Defendant, Cedar Falls Ranch, LLC, sets forth the following, to-wit:

## PARTIES, JURISDICTION, AND VENUE

1.    Lazy S Ranch Properties, LLC, is a limited liability company established under the laws of the State of Oklahoma, with all members being citizens of the State of Oklahoma.

2.    The Defendant, Cedar Falls Ranch, LLC, is a limited liability company established under the laws of the State of Oklahoma, with all members being citizens of the State of Texas.

3.    The subject of this cause of action concerns a written purchase and sale agreement of real property located in Carter County, State of Oklahoma, which includes, but is not limited to, failure of Defendant and seller, Cedar Falls Ranch, LLC, to disclose a Settlement Agreement modifying an Easement filed of record.

4.    This Court has jurisdiction of this action pursuant to Title 28 U.S.C. § 1332 based on the diversity of citizenship and the amount in controversy exceeding the sum of $75,000.00, exclusive of interest and costs.

## FACTS

5.    The Plaintiff would show that, on or about December 8, 2017, it entered into a written agreement with the Defendant for the purchase of 6,156 acres of real property, and accompanying cattle ranching operation, located in Carter County, State of Oklahoma, hereinafter referred to as the "Subject Property."

6.    During negotiations of said agreement, Plaintiff became aware of the existence of a Pipeline Easement and Right of Way, hereinafter referred to as the "Pipeline Easement," recorded in the records of the Carter County Clerk in Book 5661, at Page 151, on March 8, 2013, executed by Defendant, granting non-party BKEP Pipeline, LLC, the right to lay, construct, inspect, maintain, repair and operate a pipeline for the transportation of oil and or natural gas over and across the Subject Property.

7.    Plaintiff, through its diligent examination of public records concerning the Subject Property, learned that a provision was contained in the Pipeline Easement stating that:

> "As to any rock unearthed during the construction and/maintenance
> of the pipeline subject to this Easement, [BKEP] agrees to crush the
> rock to a diameter of three-fourths (3/4) of an inch or less."

8.    The presence of such a provision was integral to Plaintiff's ultimate decision to purchase the Subject Property, as the construction of the easement across the Subject Property resulted in mounds of rock, substantial in both size and frequency, extending along the right of way route and marring the surface of the Subject Property.

9.    Considering that the public records showed an obligation to crush the unsightly masses of rock, Plaintiff entered into a written purchase and sale agreement for the Subject Property, intending to be bound to the terms and conditions of the Pipeline Easement, with such

intent being evidenced by an express and negotiated provision providing that Buyer agreed to accept title to all easements and right of way of record.

10.    However, unbeknownst to Plaintiff, the recorded Pipeline Easement had been materially modified by a subsequent, unrecorded Settlement Agreement between Defendant and BKEP Pipeline, LLC, releasing BKEP from any and all obligations, including the obligation to crush any unearthed rock to a specified diameter, with said agreement being binding upon successors in interest, but with Plaintiff having no right or ability to unilaterally discover such an unrecorded agreement during negotiations of the purchase and sale agreement.

11.    Defendant, Cedar Falls Ranch, LLC, wholly failed to disclose to Plaintiff the unrecorded Settlement Agreement modifying the Pipeline Easement filed of record, with disclosure being necessary to effectuate the express provision of the purchase and sale agreement that Plaintiff would take title subject to existing easements of record, including all terms and conditions contained therein.

12.    The Plaintiff would further show that it acquired the Subject Property with knowledge of and based upon BKEP's obligation to crush the rock on the Subject Property, with Defendant's breach of its contractual obligation to disclose the subsequent Settlement Agreement resulting in injury to Plaintiff's interest and reasonable expectations regarding the purchase and sale agreement of the Subject Property.

## CLAIM FOR RELIEF

13.    By failing to disclose the Settlement Agreement modifying the Pipeline Easement of record and eliminating BKEP's obligation to crush rock unearthed from the Subject Property, Defendant has breached the contract through its nonperformance of contractual obligations, impairing Plaintiff's interest and injuring its reasonable expectations under the contract.

14.    The Plaintiff moves the Court to enter judgment in its favor as against the Defendant, for a sum in excess of Two Hundred Thousand Dollars ($200,000.00) for Defendant's breach of contract, which includes, but is not limited to, failure of the Defendant to disclose the existence of the Settlement Agreement modifying the recorded Pipeline Easement and failing to disclose the settlement of the obligation to crush the rocks at issue.

### PRAYER FOR RELIEF

**WHEREFORE**, premises considered, the Plaintiff moves the Court to enter judgement in favor of the Plaintiff against the Defendant for breach of contract, which includes, but is not limited to, failure of the Defendant to fulfill its duties and obligations under the contract by not disclosing the Settlement Agreement modifying easements filed of record upon the Subject Property, and to grant judgment to the Plaintiff as against the Defendant for an amount in excess of Two Hundred Thousand Dollars ($200,000.00), and to grant to Plaintiff judgment against the Defendant for all of its costs incurred herein, including a reasonable attorney fee, and such other and further relief as this Court deems just and equitable.

Respectfully submitted,

**MORDY, MORDY, PFREHM & WILSON, P.C.**

Mike Mordy, OBA No. 6372
Carrie Pfrehm, OBA No. 22274
110 West Main
Post Office Box 457
Ardmore, Oklahoma 73402
Telephone:    (580) 223-4384
Facsimile:    (580) 226-0823
E-mail:    mmordy@mordylaw.com
c.pfrehm@mordylaw.com
*Attorneys for Plaintiff*